## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

PATRICK SMITH                              *

Plaintiff                                  *

v                                          *        Civil Action No. RDB-11-2376

J. MICHAEL STOUFFER                        *
and GARY MAYNARD
Defendants                                 *
                                          ***

## MEMORANDUM OPINION

Pending are Defendants' Motion to Dismiss or for Summary Judgment (ECF No. 16) and

Motion to Dismiss (ECF No. 18).   Although he was advised of his right to file a response in

opposition to Defendants' motions and of the consequences of failing to do so, Plaintiff has not

filed anything further in this case.[1]   ECF No. 17 and 19.   No hearing is necessary for the

resolution of this case. *See* Local Rule 105.6 (D. Md. 2011).

### Background

Plaintiff Patrick Smith ("Smith") is confined to a wheelchair.   He alleges he was housed

in a prison cell that was not handicap accessible and did not accommodate his disability.   Smith

says he was forced to sit and sleep in his wheelchair for three days.   He claims he could not get

to the toilet in the cell and was forced to defecate on himself.   In addition, the shower did not

have railings, a bench, or a seat in it.   He states he hit his head on the concrete slab and suffered

both emotional and physical pain.   As relief he seeks a declaratory judgment, injunctive relief

and unspecified monetary damages.   ECF No. 1 at p. 4.

Defendants state that Smith was temporarily housed at the Maryland Correctional

---

[1] The second notification to Plaintiff was returned as undeliverable. ECF No. 20.  Defendants have provided documentation establishing that Plaintiff was released from incarceration on February 27, 2012. ECF No. 18 at Ex. 2.

Adjustment Center (MCAC) for three days in July of 2009.  At the time Smith was assigned to Western Correctional Institution (WCI) and was transferred to MCAC on July 29, 2009.  He remained there until July 31, 2009, when he was transported to Wicomico County for a court appearance.  At the time MCAC had two cells that were modified to accommodate handicapped inmates but both were unavailable when Smith arrived.  Defendants admit Smith was placed in a cell that was not designed to accommodate a wheelchair bound inmate, but state that medical staff provided Smith with diapers and a waste bag and a plastic chair was put into the shower area for his use.  Although the usual practice when MCAC cannot suitably house handicapped inmates is to transfer them to the Maryland Correctional Training Center (MCTC), that did not occur in Smith's case.  ECF No. 16 at Ex. 4.

In a complaint filed with the Inmate Grievance Office (IGO) on November 6, 2009, Smith alleged his confinement at MCAC under the conditions described violated his Eighth Amendment rights as well as the American's with Disabilities Act (ADA).[2]  *Id*. at p. 5.  An administrative judge concluded after a hearing on the merits that Smith's confinement violated the ADA because he was not provided with an accessible bed, toilet, and shower for the three days he was confined at MCAC.  In addition the judge found the conditions did not violate the Eighth Amendment's prohibition against cruel and unusual punishment because Smith did not produce any evidence of injuries resulting from the conditions.  *Id*. at p. 7.  The judge awarded Smith $300 in damages.

### Standard of Review

Rule 56 of the Federal Rules of Civil Procedure provides that a court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).  A material fact

---

[2] 42 U.S.C. Section 12131 *et seq.*

is one that "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).   A genuine issue over a material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*   In considering a motion for summary judgment, a judge's function is limited to determining whether sufficient evidence exists on a claimed factual dispute to warrant submission of the matter to a jury for resolution at trial.  *Id.* at 249.

In undertaking this inquiry, this Court must consider the facts and all reasonable inferences in the light most favorable to the nonmoving party.  *Ricci v. DeStefano*, 129 S. Ct. 2658, 2677 (U.S. 2009); *Scott v. Harris*, 550 U.S. 372, 378 (2007).  However, this Court must also abide by its affirmative obligation to prevent factually unsupported claims and defenses from going to trial.  *Drewitt v. Pratt*, 999 F.2d 774, 778-79 (4th Cir. 1993).  If the evidence presented by the nonmoving party is merely colorable, or is not significantly probative, summary judgment must be granted.  *Anderson*, 477 U.S. at 249-50.  On the other hand, a party opposing summary judgment must "do more than simply show that there is some metaphysical doubt as to the material facts."  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986); *see also In re Apex Express Corp.*, 190 F.3d 624, 633 (4th Cir. 1999).  This Court has previously explained that a "party cannot create a genuine dispute of material fact through mere speculation or compilation of inferences."  *Shin v. Shalala*, 166 F. Supp. 2d 373, 375 (D. Md. 2001) (citations omitted).

### Analysis

<u>Mootness</u>

"[A] case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome."  *United States v. Hardy*, 545 F. 3d 280, 283 (4th Cir.

2008) (quoting *Powell v. McCormack*, 395 U.S. 486, 496 (1969)).  The parties must continue to have a "personal stake in the outcome" of the lawsuit. *Lewis v. Continental Bank Corp.,* 494 U.S. 472, 478 (1990) quoting *Los Angeles v. Lyons,* 461 U.S. 95, 101 (1983). "This means that, throughout the litigation, the plaintiff 'must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision.' " *Spencer v. Kemna*, 523 U.S. 1, 7 (1998) quoting *Lewis,* 494 U.S. at 477.  "The inability of the federal judiciary to review moot cases derives from the requirement of Article  III of the Constitution under which the exercise of judicial power depends upon the existence of a case or controversy." *United States v. Hardy*, 545 F. 3d 280, 283 (4th Cir. 2008) (quoting *DeFunis v. Odegaard*, 416 U.S. 312, 316 (1974)).

A claim that is moot may be considered by the court if it is "capable of repetition, yet evading review." *Fed. Election Comm'n v. Wis. Right to Life, Inc.*, 551 U.S. 449, 462 (2007). The exception is limited to exceptional situations. *See Incumaa v. Ozmint*, 507 F. 3d 281, 289 (1983).  "In the absence of a class action, the 'capable of repetition, yet evading review' doctrine [is] limited to the situation where two elements combined: (1) the challenged action was in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there was a reasonable expectation that the same complaining party would be subjected to the same action again." *Weinstein v. Bradford*, 423 U.S. 147, 149 (1975).

Defendants assert that Smith's claim for injunctive and declaratory relief became moot when he was transferred from MCAC and was no longer subjected to the conditions challenged. ECF No. 16.   Defendants further assert that Smith has now been released from prison, presumably foreclosing the possibility that the claim is capable of repetition, yet evading review. ECF No. 18 at Ex. 2.  To the extent Smith sought injunctive and declaratory relief, his claims are

moot.  His claim for monetary damages is not, however, moot simply because he has been released or, as Defendants assert, he was awarded damages by the IGO. ECF No. 16 and 18.

<u>Supervisory Liability</u>

Assuming without deciding that Smith has alleged a prima facie claim that his rights were violated under the ADA and the Eighth Amendment, he has not alleged facts sufficient to hold Defendants responsible for the conditions alleged.  Supervisory liability under § 1983 must be supported with evidence that: (1) the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed a pervasive and unreasonable risk of constitutional injury to citizens like the plaintiff; (2) the supervisor's response to the knowledge was so inadequate as to show deliberate indifference to or tacit authorization of the alleged offensive practices; and (3) there was an affirmative causal link between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff. *See Shaw v. Stroud*, 13 F.3d 791, 799 (4th Cir.1994). Plaintiff has pointed to no action or inaction on the part of Defendants Maynard and Stouffer that resulted in a constitutional injury.  There is nothing in the Complaint or the amended Complaint indicating that either Defendant had any knowledge of Smith's confinement at MCAC or that his disability was not appropriately addressed and, in light of that knowledge, took no action.  Accordingly, Defendants are entitled to summary judgment in their favor.

A separate Order follows.


<u>May 11, 2012 </u>                        __/s/_____
Date                                           RICHARD D. BENNETT
                                               UNITED STATES DISTRICT JUDGE